IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

CHARLES MACK,

        Plaintiff,                Civil Action No.
                                            3:19-CV-0430 (LEK/DEP)

    v.

BRIAN A. MORSE, *et al.*,[1]

        Defendants

---

APPEARANCES:                              OF COUNSEL:

FOR PLAINTIFF:

CHARLES MACK, *Pro Se*
50-45 Newtown Road
Apt 1A
Woodside, NY 11377

FOR DEFENDANT:

NONE

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

---

[1] Although plaintiff has named "Brian A. Moorse" as a defendant in this action, Dkt. No. 1 at 1, attachments to the complaint reflect that the proper spelling of that defendant's name is "Brian A. Morse." Dkt. No. 1-1 at 2. The clerk of the court will respectfully be directed to modify the court's records to reflect this change.

## ORDER, REPORT, AND RECOMMENDATION

*Pro se* plaintiff Charles Mack, who appears to have been previously confined to the Broome County Correctional Facility as a pretrial detainee, has commenced this action pursuant to 42 U.S.C. § 1983 against, *inter alia*, an investigator employed by the Village of Johnson City Police Department, an assistant district attorney, and the Broome County District Attorney alleging violations of his constitutional rights, stemming from his arrest on January 12, 2018 and subsequent incarceration.

Plaintiff's complaint and application for leave to proceed *in forma pauperis* ("IFP") have been forwarded to me for review. Based upon my consideration of those materials, I grant plaintiff's application for leave to proceed without prepayment of fees, but I recommend that his complaint be dismissed with leave to replead.

I.  BACKGROUND

Plaintiff commenced this action on or about April 10, 2019 by the filing of a complaint, which was accompanied by a motion for leave to proceed without prepayment of fees. Dkt. Nos.1-2. From what the court can glean from the allegations in the complaint, as well as the exhibits annexed thereto, following an identity theft investigation involving a Mercedes-Benz C300 Gauer rented through Zipcar, defendant Brian A.

Morse arrested plaintiff and his fiancée, Melvina L. McLaughlin, on January 12, 2018 at The Red Roof Inn in Johnson City, New York. *See generally* Dkt. Nos. 1, 1-1.

Plaintiff was subsequently charged by felony complaints, with third-degree criminal possession of stolen property in violation of N.Y. Penal Law § 165.50; tampering with physical evidence, in violation of N.Y. Penal Law § 215.40(2); and first-degree unlawful possession of a skimmer device, in violation of N.Y. Penal Law § 190.86.[2] Dkt. No. 1-1 at 2-4. For reasons that are not clear to the court, those charges were ultimately dismissed by the Johnson City Village Court on December 3, 2018. Dkt. No. 1-1 at 20.

As a result of the foregoing, plaintiff asserts:

> [Defendant] Morse, by arresting me in my hotel room is false imprisonment[.] [N]o warrant[,] no re[a]son[.] [E]xcessive force and failure to protect and false arrest discrimination. First Amendment and Eight[h] Amendment

> [Defendant] District Attorney Stephen K. Cornwell, Jr. violate[d] my due process and failure to protect malicious prosecution false

---

[2] According to plaintiff, his fiancée was charged with second-degree unlawful possession of a skimmer device, in violation of N.Y. Penal Law § 190.85 and third-degree criminal possession of stolen property, in violation of N.Y. Penal Law § 165.50, resulting in her being terminated from her employment as a nurse's aide. *See generally* Dkt. Nos. 1, 1-1.

>     imprisonment[.] First Amendment and Eight[h]
>     Amendment[.]
>
>     [Defendant] District Attorney Steven P. Cullen
>     violate malicious prosecution due process false
>     imprisonment[.]

Dkt. No. 1 at 6 (errors in original). As relief, plaintiff seeks recovery of damages in the sum of $5 million. Dkt. No. 1 at 8.

II. DISCUSSION

　　A. IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee must ordinarily be paid. 28 U.S.C. § 1914(a).[3] A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[4] In support of his IFP application, plaintiff indicates that he receives no income from any sources whatsoever. Dkt. No. 2. It strains credulity that plaintiff has no source of income at all, even if it is in the form of public

---

[3] The total cost for filing a civil action in this court is $ 400.00 (consisting of the civil filing fee of $350.00, 28 U.S.C. § 1914(a), and an administrative fee of $ 50.00).

[4] The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

4

assistance, Social Security benefits, or financial help from friends or relatives. *See id.* Nonetheless, for purposes of this order, report, and recommendation, I conclude that plaintiff is financially eligible for IFP status.[5] *See id.*

### B. Sufficiency of Plaintiff's Complaint

#### 1. Standard of Review

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and

---

[5] Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

5

extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for

purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977)) (quotation marks and emphasis omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although the court should construe the factual

allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

    2.    <u>Analysis of Plaintiff's Claims</u>

        a.    <u>Claims Related to Melvina I. McLaughlin</u>

"Litigants in federal court have a statutory right to choose to act as their own counsel." *Machadio v. Apfel*, 276 F.3d 103, 106 (2d Cir. 2002) (citing 28 U.S.C. § 1654). By the same token, however, it is well established that "[a] person who has not been admitted to the practice of law may not represent anybody other than himself." *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) (citing *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) and 28 U.S.C. § 1654); *see Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self,

a person may not appear on another person's behalf in the other's cause.")).

To the extent that plaintiff's complaint may be construed as raising any claims on behalf of his fiancée, Melvina L. McLaughlin, those claims may not proceed in light of the fact that plaintiff has not been admitted to the practice of law and may not represent anybody other than himself. Accordingly, I recommend that any claim asserted by plaintiff on behalf of Ms. McLaughlin be dismissed.

      b.    <u>42 U.S.C. § 1983</u>

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990); *see* 42 U.S.C. § 1983. Section 1983 " 'is not itself a source of substantive rights[,] . . . but merely provides 'a method for vindicating federal rights elsewhere conferred[.]' " *Patterson*, 375 F.3d at 225 (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). In order to state a claim pursuant to section 1983, a plaintiff must allege "(1) 'that some person has deprived him of a federal right,' and (2) 'that the person who has deprived

9

him of that right acted under color of state . . . law.'" *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

Plaintiff's factual allegations in this case are sparse and almost entirely conclusory. *See generally* Dkt. Nos. 1, 1-1. Plaintiff alleges that at the time he was arrested on January 12, 2018, defendant Morse "just push[ed] his way in [to] the room . . . [without] a warrant" and arrested plaintiff for "[no] re[a]son." Dkt. No. 1 at 2. Plaintiff suggests that the charges against him were fabricated and, at the time of the arrest, defendant Morse should have known that he was innocent of at least two of three charges. *Id.* at 3, 4. The allegations against the remaining individual defendants are even more nebulous, with plaintiff alleging that after he had been confined for three weeks, he provided a copy of plaintiff's Zipcar rental reservation to defendants Cornwell and Cullen. Dkt. No. 1 at 4; *see also* Dkt. No. 1-1 at 5.

The complaint does not contain any further specific allegations of fact with respect to any of the defendants. While plaintiff concludes his complaint by nakedly asserting that some or all of defendants are liable for false arrest, malicious prosecution, excessive force, failure to protect, discrimination, and unspecified violations of his constitutional rights arising

under the First and Eighth Amendments,[6] the complaint fails to contain any further factual enhancement with respect to how each defendant violated plaintiff's constitutional rights. Plaintiff's " 'broad, simple and conclusory statements are insufficient to state a claim under [section] 1983.' " *Hall v. Dworkin*, 829 F. Supp. 1403, 1409-10 (N.D.N.Y. 1993) (quoting *Spear v. West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992)).

By way of example, in order to state cognizable claim for malicious prosecution a plaintiff must allege facts plausibly demonstrating: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in the plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Caidor v. M&T Bank*, No. 05-CV-0297, 2006 WL 839547, at *7 (N.D.N.Y. Mar. 27, 2006) (Scullin, J.) (quotation marks omitted). In his complaint, however, there are no factual allegations that would plausibly suggest that the criminal proceedings were terminated in plaintiff's favor,[7] there was a lack of probable cause for commencing the

---

[6] Although plaintiff alleges that his rights arising under the Eighth Amendment were violated by each of the defendants, it is well-settled that the Eighth Amendment only applies to individuals convicted of a crime. *See Graham v. Connor*, 490 U.S. 386, 395 n. 10 (1989).

[7] Although the charges against plaintiff were ultimately dismissed, Dkt. No. 1-1 at 20, there is no factual allegation that the dismissal of those charges was an affirmative indication of plaintiff's innocence. *See Lanning v. City of Glens Falls*, 908 F.3d 19, 28

11

proceeding, or that defendants Cornwell and Cullen were motivated by actual malice.

Without more, plaintiff's complaint is conclusory, unsupported by any factual enhancement, and fails to satisfy the governing pleading requirements under Rule 8 and *Iqbal*. *See generally* Dkt. Nos. 1, 1-1. Accordingly, because I find that the allegations against defendants are not sufficient at this juncture to support a cognizable section 1983 claim against them, I recommend that plaintiff's claims be dismissed.

      c.      <u>Defendants Cornwell and Cullen</u>

It is well-established that "prosecutors are entitled to absolute immunity for that conduct 'intimately associated with the judicial phase of the criminal process.' " *Hill v. City of New York*, 45 F.3d 653, 660-61 (2d Cir. 1995) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "In determining whether absolute immunity [applies], we apply a 'functional approach,' looking at the function being performed rather than to the office or identity of the defendant." *Hill*, 45 F.3d at 660 (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993)); *see also Bernard v. Cty. of*

---

(2d Cir. 2018) (affirming dismissal on the pleadings of a malicious prosecution claim because the termination of charges in the plaintiff's case was "consistent with dismissal on any number of procedural or jurisdictional grounds, all of which fail to affirmatively indicate innocence").

12

*Suffolk*, 356 F.3d 495, 504 (2d Cir. 2004) ("The appropriate inquiry . . . is not whether authorized acts are performed with a good or bad *motive*, but whether the *acts* at issue are beyond the prosecutor's authority."); *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (finding that prosecutorial immunity protects prosecutors from liability under section 1983 "for virtually all acts, regardless of motivation, associated with his function as an advocate").

Even if plaintiff's complaint was sufficient to pass muster under *Iqbal* and Rule 8, I note that the sole factual allegation with respect to defendants Cornwell and Cullen is that plaintiff provided them with a copy of his Zipcar invoice. Dkt. No. 1 at 4. With this limited information, it appears that defendants Cornwell and Cullen actions fall squarely within the scope of their authority as prosecutors, which would entitle them to the cloak of absolute immunity. I therefore recommend, in the alternative, that the claims against defendants Cornwell and Cullen be dismissed.

C. <u>Whether to Permit Amendment</u>

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so

requires."); *see also Mathon v. Marine Midland Bank, N.A.*, 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could not "determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this case, with the exception of any claims plaintiff has attempted to assert on behalf of Ms. McLaughlin, it is possible that, with the inclusion of additional factual detail, plaintiff may be able to state a plausible section 1983 claim against all or some of the defendants. For that reason, I

recommend that plaintiff be permitted to submit an amended complaint that cures the deficiencies identified in this report.

In the event that plaintiff chooses to file an amended complaint, he should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, plaintiff must clearly set forth the facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, plaintiff is informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or

incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

III. <u>SUMMARY, ORDER, AND RECOMMENDATION</u>

Having reviewed plaintiff's request for leave to proceed without prepayment of fees, although I am skeptical of the information provided by plaintiff, I find that his application is complete and demonstrates his entitlement to that status. Turning to the merits of plaintiff's complaint, however, and applying the standard set forth in 28 U.S.C. § 1915(e), I conclude that plaintiff's complaint fails to state a cognizable claim against any of defendants. For this reason, I recommend that plaintiff's complaint be dismissed, but that he be afforded an opportunity to replead. Accordingly, it is hereby

ORDERED that the clerk of the court is respectfully directed to modify the court's records to change the name of defendant Brian A. Moorse to "Brian A. Morse" on the docket; and it is further

ORDERED that plaintiff's application for leave to proceed in this action without prepayment of fees (Dkt. No. 2) is GRANTED; and it is further respectfully

RECOMMENDED that plaintiff's complaint in this action (Dkt. No. 1) be DISMISSED with leave to replead.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[8] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

The clerk of the court shall serve a copy of this order, report, and recommendation on plaintiff in accordance with the local rules.

Date: April 22, 2019
Syracuse, New York

David E. Peebles
U.S. Magistrate Judge

---

[8] If you are proceeding *pro se* and are served with this order, report and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order, report and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).