UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CHARLES MACK,

                Plaintiff,

   -against-                                       3:19-CV-0430 (LEK/ML)

BRIAN MORSE, *et al.*,

                Defendants.

_____

## DECISION AND ORDER

**I.    INTRODUCTION**

Charles Mack ("Plaintiff") filed this case pursuant to 42 U.S.C. § 1983 against Detective Brian Morse, Broome County Assistant District Attorney Steven P. Cullen, and Broome County District Attorney Stephen K. Cornwell, Jr. United States Magistrate Judge David E. Peebles has issued a Report-Recommendation, Dkt. No. 4, concerning the sufficiency of Plaintiff's Complaint, Dkt. No. 1. Plaintiff subsequently filed a proposed Amended Complaint before the Court has had a chance to review the Magistrate's Report-Recommendation, Dkt. No. 5. For the reasons set forth below, the Report-Recommendation is adopted in part and rejected in part and the Amended Complaint is deemed the operative pleading.

**II.    LEGAL STANDARD**

    **A.    Review of Report-Recommendation**

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or

specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, "where [the] parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002); see also Thomas v. Arn, 474 U.S. 140, 150 (1985) (holding that Congress did not "intend[] to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").

The Court may excuse a party's failure to object "in the interests of justice," and modify or reject the report-recommendation, if "the magistrate judge committed plain error in ruling against the defaulting party." Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000). Therefore, when no party objects to a magistrate judge's report-recommendation, courts in this circuit review it only to determine whether the magistrate judge made a clear error. Boice v. M+W U.S., Inc., 130 F. Supp. 3d 677, 684 (N.D.N.Y. 2015); see also Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

### B. Review of Sufficiency of Complaint

Section 1915(e) directs that, when a plaintiff seeks to proceed in forma pauperis ("IFP"), "(2) . . . the court shall dismiss the case at any time if the court determines that— . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.

2

§ 1915(e)(2)(B).[1] Thus, even if a plaintiff meets the financial criteria to commence an action IFP, a court must decide whether to dismiss the complaint before the defendants respond. See id.

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." § 1915A; see also Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner pro se complaints).

A court may not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Although the Court should construe the factual allegations in the light most favorable to the Plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555). Thus, a

---

[1] An action is frivolous if the complaint "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. Id. (internal quotation marks and alterations omitted). In addition, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

The Court must construe pro se complaints liberally, see Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." Anderson v. Coughlin, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted).

### C. Review of Amended Complaint

Even though "filing an unauthorized amended complaint is not the proper procedure for seeking leave to amend under Federal Rules of Civil Procedure 15(a)," the Court may "liberally construe[]" a plaintiff's filing of the complaint as a "request for leave to amend." Edo v. Martiny, No. 15-CV-202, 2017 WL 785653, at *3 (E.D.N.Y. Mar. 1, 2017). "Leave to amend should be 'freely give[n] . . . when justice so requires". Id. (quoting Fed. R. Civ. P. 15(a)). A court should deny leave to amend only if there is a good reason to do so, such as "'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Forman v. Davis, 371 U.S. 178, 182 (1962)).

## III. DISCUSSION

### A. Review of Report-Recommendation

No objections were filed in the allotted time period. Docket. Accordingly, the Court has reviewed the Report-Recommendation for clear error. The Court adopts the Magistrate Judge's recommendation to dismiss Plaintiff's claims regarding malicious prosecution, excessive force, failure to protect, discrimination, and otherwise unspecified violations of Plaintiff's constitutional rights arising under the First and Eight Amendments. However, the Court disagrees with the Magistrate Judge that Plaintiff's false arrest claim against Morse should be dismissed and allows that claim to proceed.

### B. Review of Sufficiency of Complaint

State law provides the elements for claims of false arrest brought under Section 1983. Marom v. City of New York, No. 15-CV-2017, 2016 WL 916424, at *5 (S.D.N.Y. Mar. 7, 2016). Under New York common law, the elements of a claim for false arrest are: "(1) the defendant intentionally confined the plaintiff; (2) the plaintiff was aware of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged." Smith v. City of New York, 388 F. Supp. 2d 179, 184 (S.D.N.Y. 2005) (citing Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994)). A plaintiff may "'show that . . . [his] confinement was not otherwise privileged' . . . simply by alleging that the arrest was made without a warrant." Marom, 2016 WL 916424, at *5.

Plaintiff alleges that Morse "just push[ed] his way in [to] [Plaintiff's] room [at the Red Roof Hotel] . . . [without] a warrant" and arrested Plaintiff for "[no] re[a]son."[2] Compl. at 2. Plaintiff further alleges that the charges against him were fabricated and suggests that, at the time of the arrest, Morse should have known that Plaintiff was innocent of least two of three charges, namely possession of stolen property in violation of N.Y. Penal Law § 165.50 and tampering with physical evidence in violation of N.Y. Penal Law § 215.40(2). Id. at 3–4. Hence, Plaintiff's complaint may be construed to allege that he was detained by Morse, without a warrant and without an explanation, that Plaintiff was aware of the confinement and did not consent to it, and that the confinement was not otherwise privileged. See Bigwarfe v. Bresnahan, No. 18-CV-578, 2018 WL 6174188, at *5 (N.D.N.Y. June 5, 2018) (holding a plaintiff's claim for false arrest may proceed when plaintiff alleges that he or she was detained without a warrant), report and recommendation adopted by, No. 18-CV-578, 2018 WL 5077196 (N.D.N.Y. Oct. 18, 2018). Therefore, the claim against Morse for false arrest may proceed.

**C.    Review of Amended Complaint**

The Court construes Plaintiff's filing of his Amended Complaint (Dkt. No. 5) as a request for leave to amend his Complaint. See Edo, 2017 WL 785653, at *3. The Court does not find good reason to deny Plaintiff's request for leave to amend; consequently, Plaintiff's request for leave to amend is granted. Normally, "[t]he granting of the motion [for leave to amend] does not constitute the filing of the amended pleading. After the Court grants leave, unless the Court

---

[2] Citations to the Complaint or Amended Complaint refer to the pagination generated by CM/ECF, the Court's electronic filing system.

In his Amended Complaint, Plaintiff alleges that Morse did not have a "re[a]son to even come in the room, he did not give me a re[a]son why I'm getting arrested . . ." Am. Compl. at 2.

6

otherwise orders, the moving party must file and serve the original signed amended pleading within fourteen (14) days of the Order granting the motion." L.R. 7.1(a)(4). However, because Plaintiff is proceeding pro se, the Court orders that the Amended Complaint, which is signed by Plaintiff, be deemed the operative pleading. See Rivera v. Johnson, No. 17-CV-566, 2017 WL 6631567, at *2 (N.D.N.Y. Sept. 5, 2017) (treating proposed amended complaint as operative pleading after granting leave); Boyde v. New York State, No. 16-CV-555, 2016 WL 3580768, at *1 (N.D.N.Y. June 28, 2016) (Kahn, J.) (same).

Plaintiff's Amended Complaint repeats the same facts as his Complaint with minor modifications. Accordingly, Plaintiff's claim for false arrest survives sua sponte review, but the remaining claims are dismissed.

## IV.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 4) is **ADOPTED in part** to the extent that Plaintiff's claims regarding malicious prosecution, excessive force, failure to protect, discrimination, and otherwise unspecified violations of Plaintiff's constitutional rights arising under the First and Eight Amendments should be dismissed **and REJECTED in part** to the extent that Plaintiff's claim for false arrest should be dismissed; and it is further

**ORDERED**, that leave to amend (Dkt. No. 5) is granted. The Amended Complaint is now the operative pleading; and it is further

**ORDERED**, that Plaintiff's claim for false arrest in the Amended Complaint **SURVIVES** the Court's review pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A; and it is further

7

**ORDERED**, that Plaintiff's claims regarding malicious prosecution, excessive force, failure to protect, discrimination, and otherwise unspecified violations of Plaintiff's constitutional rights arising under the First and Eight Amendments are **DISMISSED** for failure to state a claim, but that Plaintiff may move to replead these claims within **thirty days** of the date of this Decision and Order; and it is further

**ORDERED**, that all pleadings, motions, and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court. **<u>Plaintiff is also required to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in Plaintiff's address; his failure to do so may result in the dismissal of this action</u>**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:	July 19, 2019
	Albany, New York

_(signature)_
Lawrence E. Kahn
U.S. District Judge