UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CHARLES MACK,

                          Plaintiff,

        -against-                                      3:19-CV-0430 (LEK/ML)

BRIAN A. MORSE, *et al.*,

                          Defendants.

_____

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

Plaintiff Charles Mack brings this suit pursuant to 42 U.S.C. § 1983 against Detective

Brian A. Morse, Broome County Assistant District Attorney Steven P. Cullen, and Broome

County District Attorney Stephen K. Cornwell, Jr. Dkt. No. 5 ("Amended Complaint"). On July

19, 2019, this Court partially rejected a report-recommendation by United States Magistrate

Judge David E. Peebles and found that Plaintiff had stated a § 1983 claim for false arrest for

purposes of in forma pauperis review under 28 U.S.C. § 1915. See Dkt. Nos. 4 ("Report-

Recommendation"); 7 ("July 2019 Order") at 5–6. In the same order, the Court accepted

Plaintiff's Amended Complaint as the operative pleading, noting that it contained substantially

the same allegations as the initial complaint. See id. at 6–7. Presently before the Court is

Defendants' motion to dismiss the Amended Complaint. Dkt. Nos. 25 ("Motion"); 25-1

("Defendants' Memorandum of Law"); 25-2 ("Police Investigation File"). For the reasons that

follow, Defendants' Motion is granted in part and denied in part.

## II.      BACKGROUND

### A.  Plaintiff's Allegations and Exhibits

The following factual allegations are assumed to be true. See Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 76 (2d Cir. 2015). The Court considers the contents of documents attached to the complaint as exhibits, alongside Plaintiff's allegations. See DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).

Plaintiff alleges as follows. Morse "arrested [Plaintiff] at the Red Roof hotel in Johnson City[,] New York. [Morse] push[ed] his way into [Plaintiff's room] and closed the door. He did not have a warrant and [had no reason] to even come in the room[.] He did not give [Plaintiff] a reason[] why [he was being] arrested[.] [Morse] hand cuff[ed] [Plaintiff] and sat [him] on the bed." Am. Compl. at 2.

Plaintiff also attaches certain exhibits with accompanying explanations as to why each has been attached.

Exhibit A is a "Commitment Order" from the Johnson City Village Court, Criminal Part, dated January 12, 2018. See id. at 5. Under the heading "Original Charge(s)," the order reads "PL 165.50." See id. As explanation, Plaintiff states, "My only charge I [sic] January 12, 2018 PL 165.50[.]" Id. at 2.

Exhibit B is a "Felony Complaint" submitted to the same court, also dated January 12, 2018. See id. at 7 ("1/12/18 Felony Complaint"). The 1/12/18 Felony Complaint indicates that Morse, the Complainant, "accuses [Mack] . . . with having committed the offense of Criminal Possession Of Stolen Property in The 3rd Degree in violation of Section 165.50 of the Penal Law of the State of New York a Class D Felony." Id. In a "Facts" section, the 1/12/18 Felony Complaint reads:

> The said Defendant(s), [Mack], on January 12, 2018, in the Village of Johnson City, Broome County, State of New York did knowingly possess stolen property, with intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof, and when the value of the property exceed three thousand dollars, to wit:

> The said Defendant(s), [Mack], at the aforementioned date and time, while at the Red Roof Inn located at 590 Fairview Street in the Village of Johnson City, Broome County, State of New York did knowingly possess a stolen 2018 Mercedes-Benz, color blue, bearing the New York Registration #HTU4743, all contrary to the provisions of the statute in such case made and provided.

> The above allegations of fact are made by the Complainant herein upon information and belief with the sources of the Complainant's information and the grounds for his belief being the results of a Johnson City Police Department Investigation.

Id. As explanation, Plaintiff states, "The felony complaint on that page license plate # HTU4743 2018 Mercedes-Benz." Id. at 2.

Exhibit C is an e-mail confirmation of a Zipcar reservation, reading "Mercedes-Benz C300 Gauer," and "HTU4743 Blk," and indicating a reservation start date and time of "1/11/2018 5:00 PM" and end date and time of "1/13/2018 5:00 PM." Id. at 8. Plaintiff explains, "My Zipcar reservation form 1-11/1-13 See the license Plate # HTU4743." Id. at 2.

Exhibit D is a second Felony Complaint submitted to the same court, dated October 12, 2018. See id. at 9 ("10/12/18 Felony Complaint"). The 10/12/18 Felony Complaint indicates that Morse, the Complainant, "accuses [Mack], as the above named Defendant, with having committed the offense of Tampering With Physical Evidence in violation of Section 215.40, Subdivision 2 of the Penal Law of the State of New York a Class E Felony." Id. In a "Facts" section, the 10/12/18 Felony Complaint reads:

> The said Defendant, [Mack], on January 12, 2018 in the Village of Johnson City, Broome County, State of New York when believing that certain physical evidence is about to be produced or used in an

3

> official proceeding or a prospective official proceeding, and
> intending to prevent such production or use, he suppresses it by any
> act of concealment, alteration or destruction, or by employing force,
> intimidation or deception against any person, to wit:
>
> The said Defendant, [Mack], at the aforementioned date and time,
> and while at 590 Fairview Street in the Village of Johnson City,
> Broome County, State of New York did intentionally damage his
> ZTE cell phone while in the backseat of a Johnson City Police
> Department Patrol vehicle during an Identity Theft investigation
> therefore destroying any evidence that may have been used against
> him in an official proceeding, all contrary to the provisions of the
> statute in such case made and provided.
>
> The above allegations of fact are made by the Complainant herein
> upon the information and belief with the sources of the Complaints
> information and grounds for his belief being the results of a Johnson
> City Police Department Investigation.

Id. As explanation, Plaintiff states, "While [I am] leaving my hotel room hand cuff[ed], [Morse]

put my cell phone in my back pocket so if [I am] arrested why give my phone back it was

cracked [already] before this. Id. at 3.

Exhibit G[1] is a "Certificate of Disposition" indicating that the charges that were the

subject of the two Felony Complaints, as well as one other charge, were dismissed on December

3, 2018. See id. at 10. Plaintiff explains, "The Certificate of Disposition the criminal case

dismiss[.]" Id. at 3.

The Amended Complaint identifies multiple causes of action. First, Plaintiff avers, "By

arresting me in my hotel room is false arrest false imprisonment and excessive force, and

discrimination because of the 2018 Mercedez-Benz. First and [Eighth] Amendment." Id. at 4.

Second, Plaintiff states, "[Morse] failure to protect and violate my Due Process. First and

[Eighth] Amendment." Id.

---

[1] There are no Exhibits E or F.

### B. Defendants' Motion

Defendants seek to dismiss the Amended Complaint in its entirety. <u>See generally</u> Defs.' Mem. of Law. Defendants argue that (1) Plaintiff has failed to comply with notice of claim requirements; (2) Plaintiff's claims are inadequately pled; (3) Defendants are entitled to qualified immunity; and (4) Defendants are entitled to sovereign immunity. <u>See generally</u> <u>id.</u> In support of their Motion, Defendants submit the Police Investigation File, which pertains to the 1/12/18 Felony Complaint.

### III.   LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 663 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)); <u>see also</u> Fed. R. Civ. P. 12(b)(6). A court must accept as true the factual allegations contained in a complaint and draw all inferences in favor of a plaintiff. <u>See</u> <u>Allaire Corp. v. Okumus</u>, 433 F.3d 248, 249–50 (2d Cir. 2006). A complaint may be dismissed pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." <u>Id.</u> at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 556). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 555). Where a court is unable to infer more than

the mere possibility of the alleged misconduct based on the pleaded facts, the pleader has not

demonstrated that she is entitled to relief and the action is subject to dismissal. See id. at 678–79.

## IV.    DISCUSSION

Consistently with the Report-Recommendation, the Court construes § 1983 claims

against all Defendants for false arrest, malicious prosecution, excessive force, failure to protect,

"discrimination," and unspecified violations of Plaintiff's constitutional rights arising under the

First and Eighth Amendments. See R. & R. at 10–11. Because Plaintiff has not added allegations

addressing the pleading defects identified in the Report-Recommendation, the Court re-affirms

its conclusion in the July 2019 order that all claims should be dismissed apart from a Fourth

Amendment false arrest claim against Morse pursuant to § 1983. See July 2019 Order at 5–6.

Because Defendants rely on documentary evidence at various points in their argument for

dismissal, the Court initially determines whether it may consider these documents. The Court

then addresses the merits of Plaintiff's false arrest claim.

### A.  Defendants' Documentary Evidence

Defendants argue that because the 1/12/18 Felony Complaint references a police

investigation, see Am. Compl. at 7 ("The above allegations of fact are made by the Complainant

herein upon information and belief with the sources of the Complainant's information and the

grounds for his belief being the results of a Johnson City Police Department Investigation."), the

Court can consider the twenty-two pages of police investigation documents Defendants submit,

as materials "integral" to the Amended Complaint. See Defs.' Mem. of Law at 4, 13–14.

Defendants are mistaken.

With some narrow exceptions, the motion-to-dismiss stage is not an appropriate time for

a defendant to submit evidence in an effort to contradict a plaintiff's allegations. A Rule 12(b)(6)

motion concerns only the "legal feasibility" of a complaint, see Global Network Communs., Inc. v. City of New York, 458 F.3d 150, 155 (2d Cir. 2006), and "challenges the complaint as presented by the plaintiff, taking no account of its basis in evidence," Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir. 2016). "The test of a claim's substantive merits is reserved for the summary judgment procedure, governed by Federal Rule of Civil Procedure 56, where both parties may conduct appropriate discovery and submit the additional supporting material contemplated by that rule." Global Network Communs., Inc., 458 F.3d at 155 (internal quotation marks and alterations omitted).

Accordingly, courts adjudicating 12(b)(6) motions generally do not look beyond "facts stated on the face of the complaint, . . . documents appended to the complaint or incorporated in the complaint by reference, and . . . matters of which judicial notice may be taken." Concord Assocs., L.P. v. Entm't Props. Tr., 817 F.3d 46, 51 n.2 (2d Cir. 2016) (quoting Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991)). "To be incorporated by reference, the complaint must make 'a clear, definite and substantial reference to the documents.'" Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria, 265 F.R.D. 106, 123 (S.D.N.Y. 2010) (quoting Helprin v. Harcourt Inc., 277 F. Supp. 2d 327, 330–31 (S.D.N.Y. 2003)). As an extension of the principle that a court may consider documents "incorporated in the complaint by reference," a defendant is permitted to introduce a document that the plaintiff has not expressly incorporated by reference but that is nevertheless "integral" to the complaint. See Goel, 820 F.3d at 559. A document is integral to the complaint, for this purpose, "where the complaint relies heavily upon its terms and effect." Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (internal quotation marks omitted). "In most instances where this exception is recognized, the incorporated material is a contract or other legal document containing obligations upon

which the plaintiff's complaint stands or falls, but which for some reason—usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim—was not attached to complaint." Global Network Communs., 458 F.3d at 157.

Under either of these two standards, a plaintiff's mere mention, limited quotation, or limited paraphrase of a document is not sufficient. See Cosmas v. Hassett, 886 F.2d 8, 13 (2d Cir. 1989) ("The amended complaint merely discussed these documents and presented short quotations from them. Limited quotation does not constitute incorporation by reference.") (internal quotation marks omitted); Goel, 820 F.3d at 559 (noting with respect to the "integral" standard for documents not expressly incorporated by reference, that "[m]erely mentioning a document in the complaint will not satisfy this standard; indeed, even offering 'limited quotations' from the document is not enough") (quoting Global Network Communs., 458 F.3d at 156) (alterations omitted).

Additionally, "[e]ven where a document is considered 'integral' to the complaint . . .[i]t must . . . 'be clear that there exist no material disputed issues of fact regarding the relevance of the document.'" Nicosia v. Amazon.com, Inc., 834 F.3d 220, 231 (2d Cir. 2016) (quoting Faulkner v. Beer, 463 F.3d 130, 134 (2d Cir. 2006)). "This principle is driven by a concern that a plaintiff may lack notice that the material will be considered to resolve factual matters." Id. (citing Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991)).

Here, although Plaintiff's attached 1/12/18 Felony Complaint contains a cursory reference to a police investigation, neither the Amended Complaint nor its attachments even allude to the existence of any of the documents Defendants seek to introduce, let alone mention their contents. Plaintiff's mere allegation that he was arrested pursuant to a police investigation does not open the door to the submission of these documents. See McLennon v. City of New

8

York, 171 F. Supp. 3d 69, 89–90 (S.D.N.Y. 2016) (noting that "courts in this Circuit . . . have

refused to treat [criminal complaints] as integral to a complaint that alleges false arrest or

malicious prosecution claims," and collecting cases); Alvarez v. Cty. of Orange, N.Y., 95 F.

Supp. 3d 385, 396 (S.D.N.Y. 2015) ("The Court will not consider the Incident Report,

depositions, or the Misdemeanor Complaint, as there is no indication in the record that Plaintiff

relied on them in drafting the Amended Complaint.") (internal quotation marks and alterations

omitted); Bejaoui v. City of New York, No. 13-CV-5667, 2015 WL 1529633, at *6 (E.D.N.Y.

Mar. 31, 2015) ("Where, as here, Plaintiff does not mention [the arrest report and criminal

complaint] and does not appear to rely on them, the court cannot deem such extrinsic materials to

be integral to the Complaint in considering a 12(b)(6) motion to dismiss.").

The Court thus disregards the Police Investigation File in adjudicating the Motion.

**B. False Arrest**[2]

"To state a claim under § 1983, a plaintiff must allege that defendants violated plaintiff's

federal rights while acting under color of state law." McGugan v. Aldana-Bernier, 752 F.3d 224,

229 (2d Cir. 2014). State law provides the elements for claims of false arrest brought under §

1983. Marom v. City of New York, No. 15-CV-2017, 2016 WL 916424, at *5 (S.D.N.Y. Mar. 7,

2016). Under New York common law, the elements of a claim for false arrest are: "(1) the

defendant intentionally confined the plaintiff; (2) the plaintiff was aware of the confinement; (3)

the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise

privileged." Smith v. City of New York, 388 F. Supp. 2d 179, 184 (S.D.N.Y. 2005) (citing

Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994)). A plaintiff may "'show that . . . [his]

confinement was not otherwise privileged' . . . simply by alleging that the arrest was made

_____

[2] Defendants move for dismissal of a state law false arrest claim. See Defs.' Mem. of
Law at 6-8. But the Court never construed one. See generally R. & R.; July 2019 Order.

without a warrant." <u>Marom</u>, 2016 WL 916424, at *5.

Defendants argue, first, that Plaintiff has not alleged that Morse was acting under color of state law. <u>See</u> Defs.' Mem. of Law at 9–10. But Plaintiff plainly alleges that Morse was a police officer, <u>see generally</u> Am. Compl.; and it is well-settled that police officers act under color of state law when performing their duties, <u>see, e.g.</u>, <u>Graham v. Connor</u>, 490 U.S. 386 (1989).

Second, Defendants argue that Plaintiff's claim must be dismissed on the ground that Morse had probable cause. <u>See</u> Defs.' Mem. of Law at 10–15. An officer "has probable cause to arrest when he or she has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." <u>Dickerson v. Napolitano</u>, 604 F.3d 732, 751 (2d Cir.2010) (internal quotation marks omitted). Probable cause is determined on the basis of facts "known to the arresting officer at the time of the arrest." <u>Devenpeck v. Alford</u>, 543 U.S. 146, 152 (2004). Plaintiff's allegation that he was arrested without a warrant raises a rebuttable presumption that the arrest was unlawful. <u>See</u> <u>Bigwarfe v. Bresnahan</u>, No. 18-CV-578, 2018 WL 6174188, at *5 (N.D.N.Y. June 5, 2018) (holding that a plaintiff's claim for false arrest may proceed when plaintiff alleges that he or she was detained without a warrant), <u>report and recommendation adopted</u>, No. 18-CV-578, 2018 WL 5077196 (N.D.N.Y. Oct. 18, 2018).

Nonetheless, Defendants argue that because the arrest was based on reliable information obtained from a police investigation, Morse had probable cause. <u>See</u> Defs.' Mem. of Law at 14–15. This argument relies entirely on the contents of the Police Investigation File, which the Court cannot consider at this stage, for reasons discussed. The Court rejects Defendants' qualified immunity defense based on "arguable probable cause," <u>see</u> <u>id.</u> at 15–16, for the same reason.

Defendants' Motion is thus denied as to Plaintiff's false arrest claim against Morse.

V.      **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motion to Dismiss (Dkt. No. 25) is **GRANTED in part**

**and DENIED in part**. Plaintiff's § 1983 false arrest claim against Morse in his individual

capacity may proceed,[3] while all other claims are **DISMISSED without prejudice**; and it is

further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on the

parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:        March 25, 2021
              Albany, New York

Lawrence E. Kahn
Senior U.S. District Judge

---

[3] Insofar as Plaintiff asserts claims against Defendants in their official capacities, such claims are dismissed under the doctrine of sovereign immunity. See Hogan v. Lewis Cty., No. 16-CV-1325, 2018 U.S. Dist. LEXIS 167064, at *58 (N.D.N.Y. Sept. 28, 2018) (Kahn, J.).