UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CHARLES MACK,

                          Plaintiff,

    -against-                                  3:19-CV-0430 (LEK/ML)

BRIAN A. MORSE,

                          Defendant.

**DECISION AND ORDER**

**I.    INTRODUCTION**

Pro se plaintiff Charles Mack ("Plaintiff") brought this action under 42 U.S.C. § 1983 alleging claims including false arrest, malicious prosecution, excessive force, failure to protect, discrimination, and due process violations by police officer Brian Morse ("Defendant") and District Attorneys Steven Cullen and Stephen Cornwell, Jr. Dkt. No. 1 ("Complaint"). After Plaintiff filed an amended complaint, Dkt. No. 5 ("Amended Complaint"), the Court conducted a sufficiency review pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, allowing only Plaintiff's false arrest claim against Mack to survive sua sponte review. See Dkt. No. 7. Plaintiff's other claims, including all claims against Cullen and Cornwell were dismissed. See Id.

On March 12, 2020, Defendant filed a motion to dismiss for failure to state a claim. Dkt. No. 25. Plaintiff failed to file a response, see Docket, however the Court declined to dismiss Plaintiff's false arrest claim against Morse in his individual capacity, see Dkt. No. 30.

On March 25, 2021, the parties were directed to exchange mandatory disclosures by April 22, 2021. Dkt. No. 31. On April 29, 2021, an initial conference was held before Magistrate Judge Miroslav Lovric. Docket Entry for April 29, 2021. Plaintiff arrived late and was cautioned that failure to engage in the discovery process may result in sanctions including dismissal of his

Amended Complaint. Id. On the same day, the Court issued a uniform pretrial scheduling order stating that discovery was due by December 15, 2021. Dkt. No. 36. The Court also issued a text order directing the parties to file a status report by July 13, 2021. Dkt. No. 35.

On July 13, 2021, Defendant filed a status report noting that he had not yet received Plaintiff's Rule 26 mandatory disclosures, nor any response to a June 10, 2021, request for interrogatories and demand to produce documents. See Dkt. No. 37. The following day, Defendant filed an affidavit affirming the service of a "Good Faith Letter" on Plaintiff. Dkt. No. 38.

On July 19, 2019, the Court issued a text order directing Plaintiff to comply with Dkt. No. 35 and to file a status report by July 27, 2021. Dkt. No. 39. The Court again advised Plaintiff that failure to comply with court orders or to engage in the discovery process may result in sanctions including dismissal of the case. Id. On July 28, 2021, a status conference was held, but Plaintiff failed to attend. Docket Entry for July 28, 2021. On the same day, the Court issued a text order directing Plaintiff to file a status report by August 18, 2021, and again advising Plaintiff of the potential consequences of failing to comply with a court order or engage in the discovery process. Dkt. No. 40.

On August 28, 2021, Defendant filed a status report stating that he had still received no response or communication regarding discovery. Dkt. No. 41. A status conference was held on September 2, 2021, but Plaintiff again failed to attend. Docket Entry for September 2, 2021. The same day, the Court issued a text order directing Plaintiff to file a status report by September 21, 2021, and to comply with discovery requests, and again advising Plaintiff of the potential consequences of failing to comply with a court order or engage in the discovery process. Dkt. No. 44.

On September 21, 2021, Defendant filed a status report noting no change since his previous correspondence with the Court. Dkt. No. 45. On September 30, 2021, Defendant filed a letter motion requesting permission to file a motion to dismiss for failure to prosecute. Dkt. No. 47. On October 1, 2021, the Court granted this request. Dkt. No. 48. On the same day, Defendant filed a motion to dismiss for failure to prosecute and Plaintiff was given a response deadline of October 29, 2021. Dkt. No. 49. Plaintiff never filed a response. See Docket.

On April 18, 2022, the Court directed Defendant to advise the Court of any discovery responses or other communications received from Plaintiff since the filing of Defendant's Motion. Dkt. No. 72. Defendant informed the Court that they had received no further communication from Plaintiff. Dkt. No. 53.

**II.     DISCUSSION**

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, at its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action, or to comply with the procedural rules or orders of the court. See Link v. Wabash R.R. Cnty. Indep. Sch. Dist., 370 U.S. 626, 629–30 (1962). This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. See Freeman v. Lundrigan, No. 95-CV-1190, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996).

In considering whether dismissal of an action for failure to prosecute is warranted, a district court must consider the following factors, none of which are dispositive: (1) whether "the plaintiff's failure to prosecute caused a delay of significant duration"; (2) whether "plaintiff was given notice that further delay would result in dismissal"; (3) whether "defendant was likely to be prejudiced by further delay"; (4) "the need to alleviate court calendar congestion . . . balanced against plaintiff's right to an opportunity for a day in court"; and (5) "the efficacy of lesser

sanctions." United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004) (citations omitted).

The Court has carefully considered the five factors relevant to the dismissal of an action for failure to prosecute under Fed. R. Civ. P. 41(b), and has concluded that they weigh decidedly in favor of the dismissal of this action. See Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). It had been a year since Plaintiff was required to submit his mandatory disclosures, and Plaintiff has neither provided an explanation for the delay nor requested an extension. While the Court recognizes the challenges inherent in pursuing litigation while incarcerated, Plaintiff has failed to communicate with Defendant or the Court in nearly a year.[1] Plaintiff has been prompted numerous times to provide the required discovery materials and status reports, and has been given explicit notice, on at least four occasions, that this case could be dismissed if he continued to fail to comply. See Dkt. Nos. 35, 39, 40, 44.

Furthermore, the Court finds that Defendant may be prejudiced by further delay in the proceedings. See Georgiadis v. First Boston Corp., 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade. Given the age of this case, that problem probably is severe already. The additional delay that plaintiff has caused here can only make matters worse."). In addition, in light of Plaintiff's failure to indicate an intention to comply with the Court's orders or to request additional time in which to do so, the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive further chances to comply. Lastly, the Court has carefully considered less drastic sanctions and has found them

---

[1] See N.D.N.Y. Local Rule 41.2(a) (unless a date has been set for pretrial proceedings or for trial, "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution.").

to be inadequate under the circumstances. Nevertheless, in light of Plaintiff's pro se status, the Court directs that the dismissal of this action be without prejudice.[2]

### III. CONCLUSION

Accordingly, it is hereby:

**ORDERED** that this action is **DISMISSED** without prejudice due to Plaintiff's failure to comply with the Court's Orders and prosecute this action, and the Clerk is directed to enter judgment accordingly; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   April 19, 2022
         Albany, New York

LAWRENCE E. KAHN
United States District Judge

---

[2] Unless the dismissal order states otherwise, a dismissal pursuant to Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).